We move to the 7th case this morning, United States v. Daniels. Pleasure to see you again, Mr. Henderson. I keep running into you here. Good morning, and may it please the Court. My name is Peter Henderson, and I represent Dwayne Daniels. I think there are two important things I want to emphasize today. One is the remedy. We're seeking a hearing. We acknowledge that at this point we can't prove the necessary information in order to suppress this evidence, but we're at least entitled to a hearing on that. And the second thing is that this is a little bit different from most Fourth Amendment issues. The Franks issue is about the integrity of the affidavit and the warrant, rather than an objective determination of probable cause. And it's the integrity that has been called into question here. I think everybody agrees that the District Court did not clearly err in finding that this affidavit contains a false statement. So I'll move to the second point of the Franks analysis, which is whether that false statement was material to the determination of probable cause. And it was. The identification of this black cap was the link between Mr. Daniels and the bank robbery. The only link between the two is his DNA, which is found on the black cap. And the misrepresentation in the affidavit told the magistrate judge who signed off on the warrant that the black cap was identified as being used in the robbery. When you take that misrepresentation away, the black cap might as well be something that the police officers found on the road. There's no association with the robbery. And that's why this misrepresentation is material. As a legal matter, the District Court made a mistake in not just excising or deleting this misrepresentation from the affidavit, but instead rewriting the affidavit. Certainly, if we knew all the facts objectively, there is probable cause. But that's not the Franks question. The Franks question is, when we set to one side the misrepresentation, even if the result is unsatisfactory, even if it's not a grammatical sort of affidavit or we've got jumps, is there still probable cause? Because it's about the integrity of the affidavit, not objective probable cause. So that was a legal mistake, we think. The District Court should not have supplemented the affidavit with its own musings on what the facts were. Mr. Henderson, suppose we agree with you on that. You offer one option for modifying Paragraph 8 of the search warrant affidavit. The government, of course, offers an alternative version in the red brief. What in your judgment is wrong with the government's rewrite? So the government's version takes away the nexus between the items that were found and the robbery. So our version certainly deletes any reference to the black cap. Their version keeps the black cap but then says it wasn't identified in the robbery. And so both of those solve an issue. But when you take the government's deletion, then we lose any connection between that black cap and the robbery. And so what the government said basically is, well, but these items were all discovered in the same place, and so if you find a mask that's on top of a black cap, then it's reasonable to think it, too, was involved, even if the previous paragraph that establishes the link between the mask and the robbery didn't include the black cap. Is there a bit of an overstatement, though, in what you're saying? You don't lose all connection to the robbery because what you still have is within 15 minutes you have the officers recovering several items, which, of course, included the black cap, a short distance, a couple of blocks away from the bank that was robbed. Right. So you don't lose all connection to the robbery. No, that's true. And the other difficulty that you run into, too, is then the affidavit is actually inaccurate about where these items or imprecise about where these items were found. We know, for example, they were not all in one location. So paragraph 8 seems to imply they're all in one location. But, in fact, they're in three different locations among, I think, about two blocks. And so if you accept the government provision, you then have to deal with the fact that this paragraph is still misleading because it makes a magistrate judge think all these items were recovered together, when, in fact, they were discovered at different places. And what we point out in our reply brief is say the police had discovered a plastic bag, for example, and they got DNA off of that that corresponded to Mr. Daniels. That would seem to suggest, well, people may use plastic bags in robberies, and so if you find a plastic bag on the road, then that links it up. But we don't think that's sufficient. There are lots of things the police might have discovered in their search for evidence along this route that the robber took. But without a specific connection to that actually being used in the bank robbery, taking the DNA off of a found object is not enough to support probable cause to believe that that actually was used in the robbery. Let me turn to the third issue, which is a preliminary showing that this false statement was made intentionally, knowingly, or with reckless disregard for the truth. And, again, there's a legal error here by the district court in that the district court came up with its own explanation that would make this an innocent mistake rather than the inference that Mr. Daniels suggested that this was, in fact, recklessly made or intentionally made or knowingly made. One of those was demonstrably wrong, and it sort of illustrates the dangers of why judges shouldn't create these innocent explanations, and that had to do with the criminal information, which was filed to commence the case, of course, and didn't contain this misrepresentation. And there's an obvious motivation when you're seeking a search warrant to mislead a magistrate judge into thinking we have probable cause, because then when we have the DNA pursuant to the search warrant, there's no longer any motivation to tie the black cap to the robbery in terms of observations of the tellers and the video surveillance. So that's an inference. That's a preliminary showing. Obviously, we need a hearing in order to prove these things, and we need the officer to testify and assess his credibility and get to the bottom of these facts. But in terms of this innocent or sort of negligent, you know, we were just including everything the officers found, that's not true. The officers found a Santa hat, but, of course, that wasn't included in either affidavit because it was irrelevant. This affidavit was a deliberate process. It says that in the first paragraph. The agent is putting in only the information he thinks is necessary to establish probable cause, and that includes the misrepresentation that a black cap with Mr. Daniels' DNA was discovered and identified as being involved in the robbery. So I'll save the rest of my time for rebuttal. Thank you. Thank you. Thank you, Counselor. Mr. Daniel. May it please the Court. This Court should affirm the District Court's decision because whether bank employees saw or surveillance video captured the defendant wearing a black cap was not necessary to the finding of probable cause. What you have in the affidavit when you take away the reference to anyone seeing the black cap is that the bank was robbed, that the robber wore a blue hooded sweatshirt, white gloves, and a Halloween mask, that the robber fled north and then east on Glen Flora Avenue, that officers recovered a blue sweatshirt, white gloves, and a Halloween mask near Glen Ford and Green Avenues, a direction that is northeast of the bank. You also have that officers recovered a black cap with eye holes cut into it near that intersection and near those other items that were seen by bank employees and which were shown on video surveillance footage. Then you have the additional step of the test done on the white gloves, on the black cap, the black cap which matched a database of the DNAs or DNA taken from the cap which matched DNA in a database of the defendant. Then you have the additional step of that identifying the defendant, Dwayne Daniels, and law enforcement obtaining the driver's license information for him and that driver's license identifying that Dwayne Daniels is approximately 5 foot 4 inches tall. This is how tall the bank employees described the robber as being. These facts, independent of whether anyone saw the black cap, established probable cause for a buckle swab of Dwayne Daniels' DNA to support or to develop the evidence in this case. Now, for Frank's hearing to be granted, there has to be an inaccuracy. The government does not dispute that the district court found that the defendant made a substantial preliminary showing of an inaccuracy. That inaccuracy has to be necessary for probable cause and it has to be made deliberately or recklessly. Again, the government's not disputing on appeal. The district court's finding with respect to whether there was a showing of an inaccuracy, though the government, as noted in a footnote, thinks that paragraph 8 can be read in different ways. Whether anyone saw that black cap was not necessary for a determination of probable cause. The government also believes the district court correctly found that the inaccuracy was not made deliberately or recklessly, given, as the district court noted, that this was not harked on, this was not repeated, this was not found anywhere else in the affidavit. You have the affidavit describing what the bank employees saw in paragraph 6. You have the affidavit describing the bank employee's description of the height and weight of the defendant or the robber that they saw. And you have paragraph 8, which identifies in three separate sentences what was recovered near the intersection of Glen Flora Avenue. Now, the question before the court, I think was already raised, is what do you delete? Is it all reference to the black cap? No, because officers did find the black cap. It was near the intersection of Glen Flora Avenue, and it was in close proximity to other items that were seen, and that is what makes it relevant, is where it was found and what it was found next to. Or do you simply delete the misstatement that the district court found, which is that someone saw the black cap? If you look at paragraph 8, you can draw a single line through that statement and delete the omission or delete the misrepresentation, which is what the case law calls for. For those reasons, the government submits that this court should just strike through, draw a simple line through that misstatement, which reads that, according to the various employees, saw the robber wearing. That corrects the problem. Mr. Henderson took issue with the district court revising the affidavit, but it didn't change the substance. In fact, it clarified that the black cap was not seen. In doing so, the district court essentially addressed the exact issue complained of. The case law indicates that if there's a material omission, that that can be added, and if you look at what the district court did, the government submits that's what the district court was trying to accomplish by simply making clear that the affidavit did not expressly state that no one had seen the black cap. That is some in substance of what the district court did, and it leads to the same result. You don't consider whether anyone saw the black cap when assessing whether the affidavit, when omitting the alleged misrepresentation, still is sufficient for a finding of probable cause. Now, there's one thing that Mr. Henderson noted. He referenced if it was a plastic bag or something like that. This comes back to the notion that if something is found on the road, whether you can call it evidence or you can use it in the case. Well, if it's found on the road next to other items that were used in the robbery, then, yes, it becomes relevant due to its proximity. If there are no questions from the panel, the government would ask that this panel affirm the district court's decision in its finding that their probable cause remained even after striking the misrepresentation, and that, as the district court found, the inclusion or the reference to whether someone saw the black cap was simply akin to a scrivener's error or negligent mistake because the defendant had not put forth sufficient evidence to make a substantial showing that it was deliberate or reckless. Thank you. Thank you, Mr. Daniel. Mr. Anderson? I think the government is focusing on objective probable cause. What my friend just told you is that, well, the affidavit says this is found in close proximity to the other items. The affidavit doesn't say that. The affidavit doesn't say the relationship between the items that were recovered. It simply says these items were identified as being used in the robbery, and we found them near the bank. It says nothing about where they were in relation to each other. The government says, well, the district court was just clarifying omissions. For one, the omissions case law are about putting exculpatory information that was omitted into an affidavit. It's not about importing information that is helpful to the affiant. The whole point of the Franks hearing is the affiant made a misrepresentation. We don't buttress his misrepresentation by including information he should have put in. In fact, the district court's clarification or revision to this affidavit contradicts what the affidavit says. What the district court said was, well, the officers found items, along with a black cap, that was not seen by the tellers. That's correct, but it contradicts what the affidavit says because the affidavit misrepresented that point. Again, this is not about saving the affidavit in terms of saying, well, I find there would have been probable cause if the agent hadn't lied. The point is the agent lied. The agent should not, in other words, be able to benefit from his lies. Counsel, I'm looking at 13, which is the affidavit. I think that you're referring to page 13 of the government's briefings. They're striking. They're not adding anything to it, are they? They're just striking those three lines? Right. The district court added things. What the government suggests is striking those three lines. But the government also says, well, and this creates probable cause because the black cap was found in proximity to the other items. But there's nothing in the affidavit to say that the black cap was found in proximity. It was found near the bank. Recovered where they found this other stuff. The city officer recovered a blue two-tone hooded jacket, two white gloves, a black cap, eye holes cut in, a Halloween mask, and a plastic toy gun partially wrapped in tape. That wasn't in? No, that's correct. They recovered all those items. Right. So what we know is that those items were recovered in three different locations. What the affidavit says is that they recovered these items near the intersection of Glen Flora Avenue and Green Avenue. Right. So that's an imprecision. I'm not sure if that's outright a misrepresentation because we know they were actually recovered in three different areas. But there's nothing about, you know, for example, if the affidavit had said the Halloween mask was discovered on top of the black cap, then we don't have a problem. Right? There's probable cause, you know, to believe that. But that's just not in the affidavit, and we can't import information that we now know to save an affidavit that contains a misrepresentation. So thank you very much. Thank you, counsel. Thanks to both counsel, and the case is taken under advisement.